# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2011

No. 10-40895
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL RAMOS-RAMOS, also known as Juan L. Villarreal, also known as Sergio Israel Torres Ramos,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-339-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Israel Ramos-Ramos (Ramos) was convicted of transporting aliens illegally in the U.S. by means of a motor vehicle, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (B)(ii). He challenges the 30-month term of imprisonment imposed by the district court, contending that the district court reversibly erred by applying the two level enhancement of U.S.S.G. § 2L1.1(b)(7)(A) (2009) on the basis that a person sustained bodily injury. He contends that the injuries of Mitzey Ramirez-Ortiz, a pregnant female, should not be attributed to him as there is insufficient evidence that he caused her injuries. He also argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the record contains insufficient evidence establishing that Ramirez-Ortiz sustained bodily injury.  Ramos preserved the arguments that he raises on appeal by raising them in the district court.

This court reviews sentences for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a).  *See United States v. Booker*, 543 U.S. 220 (2005); *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).  This court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  Review is for an abuse of discretion.  *Id.* at 51.  "[The] district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings . . . are reviewed for clear error." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Determinations regarding what constitutes relevant conduct and the severity of a victim's injury are questions of fact.  *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010) (relevant conduct); *United States v. Davis*, 19 F.3d 166, 171 (5th Cir. 1994) (victim's injury).  The clear error standard is a "deferential standard" that "requires only that the finding be plausible in light of the record as a whole."  *Williams*, 610 F.3d at 292 (internal quotation marks and citation omitted).

Guideline § 2L1.1(b)(7) provides that "[i]f any person died or sustained serious bodily injury, increase the offense level according to the seriousness of the injury[.]"  § 2L1.1(b)(7).  Guideline § 2L1.1(b)(7)(A) provides graduated offense level increases depending upon the severity of the injury, with "bodily injury," the category that is at issue in Ramos's case, being the most minor degree of injury.  *See* § 2L1.1(b)(7)(A).  Two levels are added if any person sustained "bodily injury" during the offense.  § 2L1.1(b)(7)(A).

The record establishes that Ramirez-Ortiz, who was 34 to 35 weeks pregnant, was one of seven aliens who paid others to facilitate their illegal entry

into the United States and their travel to Houston, Texas. The group was guided through the Texas brush for two to three days in an attempt to evade capture. Ramos then picked up the group and was to take the aliens to Houston. There is no evidence that Ramos offered the aliens food and water, and one of the aliens testified that he did not have adequate food and water during the trek through the brush. After the aliens traveled with Ramos for approximately 40 minutes, law enforcement officials attempted to perform a traffic stop of Ramos's vehicle. Ramos evaded capture by speeding away on a narrow, busy roadway. He then stopped his vehicle and tried to flee on foot. The aliens also tried to flee. Medical records establish that Ramirez-Ortiz experienced abdominal pain after fleeing from Ramos's vehicle, and she complained to health officials of pelvic pain, low back pain, contractions and intermittent pain in her abdomen. She was hospitalized overnight and received IV medication. Also, Ramos does not contest the district court's finding that his offense intentionally or recklessly created a substantial risk of death or serious bodily injury to another person, which warranted a reckless endangerment enhancement under Guideline § 2L1.1(b)(6).

Under these circumstances, and without determining whether foreseeability is required for application of § 2L1.1(b)(7), it was foreseeable that bodily injury might occur during the offense in which Ramos participated. *See United States v. De Jesus-Ojeda*, 515 F.3d 434, 441-44 (5th Cir. 2008). Moreover, Ramirez-Ortiz suffered bodily injury within the meaning of the Guidelines, as her complaint of abdominal pain was serious enough to require an overnight visit in a hospital where she received IV medication and she and her unborn child were monitored for injury. *See* § 1B1.1, comment. (n.1(B)); *United States v. Eubanks*, 593 F.3d 645, 651-52 (7th Cir. 2010). The district court thus did not clearly err in applying § 2L1.1(b)(7)(A). *Williams*, 610 F.3d at 292.

The judgment of the district court is AFFIRMED.